STATE OF CONNECTICUT *v.* ELTON ARLINE
(AC 17665)

Foti, Hennessy and Daly, Js.

Argued February 23—officially released August 15, 2000

*Neal Cone,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Gail P. Hardy,* assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Elton Arline, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). On appeal, the defendant claims that the trial court improperly denied his request to poll the jury upon return of the verdict. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. The defendant was arrested on November 29, 1996, and charged with possession of narcotics with intent to sell.[1] The jury returned a verdict of guilty. After the foreman announced the jury's verdict, the defense counsel requested that the jury be polled. The court denied this request, instead instructing the courtroom clerk to read to the jury the verdict as recorded. The jury responded, "Yes," to the question, "So say you one, so say you all?" which the clerk asked after reading the verdict. Defense counsel then renewed his request that the jurors be polled individually. The court again denied the request, noting that each of the jurors gave assent to the clerk's question. Later that day, before the jury had been dis-

---

[1] There was also a part B information filed, charging the defendant with previously having been convicted of the crime of possession of narcotics with intent to sell. Following the defendant's conviction on the underlying charge, the state entered a nolle on the part B information.

charged, the defense counsel again renewed the request that the jurors be polled individually.[2] The trial court again denied this request.[3] This appeal followed.

On appeal, the defendant claims that the trial court improperly denied his repeated requests to have the jury polled. We need look no further than *State* v. *Pare*, 253 Conn. 611, 755 A.2d 180 (2000), which was decided after briefs were filed and oral argument was presented in this case. In short, *Pare* holds that "a violation of a party's timely polling request requires automatic reversal of the judgment." Id., 639. The defendant requested a poll of the jury in this case, and the trial court declined to do so. We follow *State* v. *Pare*, supra, 639, and conclude that the trial court's failure to poll requires automatic reversal.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[2] The jury had not been discharged due to the possible need for it to hear evidence on the part B charge.

[3] The court stated: "As I read the Practice Book, counsel, I'm sure you read it the same way, the key word is 'may.' That's discretionary. It was clear that the jury assented when asked by the clerk, 'So say you one, so say you all?'"